## Nichols v. Marquess.

(Decided January 19, 1911.)

### Appeal from Caldwell Circuit Court.

Lands—Decretal Sale of —Agreement to Bid in Property. and Hold it as Security—Refusal to Comply—Not Necessary to Tender Purchase Money Before Suit.—Appellant having agreed to bid in property at decretal sale and hold it as security until appellee would pay the sum bid, and refusing to comply with that agree-

ment, it was not necessary to tender him the purchase money and interest before suit to sell the property to pay the debt.

HODGE & HODGE for appellant.

R. W. LISANBY for appellee.

OPINION OF THE COURT BY JUDGE O'REAR—Affirming.

An agreement to bid in the land of a debtor and to hold it subject to his redemption, is in effect that the bidder becomes the creditor of that debtor, and holds the purchased property in pledge, by way of mortgage, to secure the price bid and legal interest from that time until the redemption is effected. It is treated as a mortgage, as if the debtor had himself conveyed the property to the bidder as security for the former's debt which the latter had in that transaction discharged or assumed. The principle is thoroughly established by repeated adjudications. In this case appellee claimed that appellant agreed to bid in the property at decretal sale, and to hold it as security until appellee could pay the sum bid. While the evidence is conflicting, it bears up the chancellor's finding that the agreement was made. Appellant refused to comply with the agreement, and repudiated it. In that event it was not necessary to tender him the purchase money and interest before suit. The judgment allowed appellee a time within which to redeem, and if he failed to do so within the time allowed then the property was ordered sold to pay the debt, interest, and costs of the sale.

The judgment is affirmed.